UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILL HURST, ROCIO SAENZ, JAMES CANAVAN and THOMAS BOND, as they are TRUSTEES, MASSACHUSETTS SERVICE EMPLOYEES' PENSION FUND; and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 615, <br><br>       -and- <br><br> BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; and JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND and TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND, <br><br>              Plaintiffs, <br><br>                   v. <br><br> HI-RISE, INC, <br>              Defendant, | C.A. No. 10-cv-10991 |

## VERIFIED COMPLAINT TO ENFORCE ARBITRATION AWARD AND SETTLEMENT AGREEMENT

### INTRODUCTION

1. This is an action by a labor union to enforce a Stipulated Arbitration Award, and is brought pursuant to § 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185.

2. This is also an action by employee benefit plans to enforce a Settlement Agreement between the plans and the Defendant employer, which settled prior litigation over that employer's failure to pay required benefits, and which is brought pursuant to § 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185.

3. This is also an action to enforce the employer's obligation to make contributions to employee benefit plans due under the terms of two collective bargaining agreements and the plans, and is brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and (d)(1) and 1145. This action is also brought pursuant to § 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185.

## JURISDICTION AND VENUE

4. The Court has original and statutory jurisdiction pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f); and § 301 of the LMRA, 29 U.S.C. § 185, as amended, without respect to the amount in controversy or the citizenship of the parties.

5. Venue is appropriate in this district pursuant to 29 U.S.C. § 185(c)(1) and (2).

## PARTIES

### THE SEIU PLAINTIFFS

6. Service Employees International Union, Local 615 ("SEIU Local 615") is a labor organization based at 26 West Street, Boston, Massachusetts, and represents

employees throughout Massachusetts, Rhode Island and New Hampshire in an industry affecting commerce as defined in 29 U.S.C. § 152(6) and (7), including a bargaining unit of window washers employed by Defendants within this judicial district.

7. Plaintiffs Jill Hurst, Rocio Saenz, James Canavan and Thomas Bond are the trustees of the Massachusetts Service Employees' Pension Fund ("SEIU Pension Fund"). The SEIU Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), and is administered at 26 West Street, Boston, Massachusetts, within this judicial district.

8. The SEIU Pension Fund is a multi-employer plan within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37).

**THE MASS. LABORERS BENEFIT FUNDS' PLAINTIFFS**

9. Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

10. Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). It provides participants with a defined pension benefit. The

Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

11. Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). This Fund is a defined contribution fund. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

12. Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). This Fund trains apprentices and journey workers in the construction industry. The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

13. Plaintiff James V. Merloni, Jr. is also a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

14. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds, referred to in ¶¶ 9-13 above, are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Laborers' Funds." The Laborers' Funds are third party beneficiaries of

the collective bargaining agreement between Defendant Hi-Rise, Inc. and the Massachusetts Laborers' District Council ("MLDC").

## THE DEFENDANT

15. Defendant Hi-Rise, Inc. ("Hi-Rise" or "the Employer") is a Massachusetts corporation with a principal place of business at 20A Branch Street, Suite 100, Quincy, Massachusetts, and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

## GENERAL ALLEGATIONS OF FACT

## SEIU ALLEGATIONS

16. Hi-Rise at all times relevant hereto has been bound to the terms of the collective bargaining agreement between the Maintenance Contractors of New England and SEIU Local 615, effective from November 1, 2007 until October 31, 2012 ("the SEIU CBA").

17. Pursuant to the grievance and arbitration provisions of the SEIU CBA, Hi-Rise and Local 615 were scheduled to appear before Arbitrator Marc Greenbaum on January 5, 2010, based on Local 615's grievance that Hi-Rise had violated the SEIU CBA by failing to cooperate with the Union in arranging an audit required by the SEIU CBA, and by failing to make payments in contractually required amounts for pension fund contributions, for employee wages (including holidays and vacation pay), and for employee dues and fees payable to Local 615.

18. On January 5, 2010, Arbitrator Greenbaum issued a Stipulated Arbitration Award ("the Award"), a true and accurate copy of which is attached hereto as Exhibit A.

19. Individuals with the lawful authority to bind Hi-Rise and Local 615 to its terms also stipulated to and signed the Award.

20. In his Award, Arbitrator Greenbaum found that Hi-Rise had failed "to make payments in contractually required amounts for pension fund contributions, for employee wages (including holidays and vacation pay), and for employee dues and fees payable to [Local 615]." Ex. A, ¶ 2.

21. Arbitrator Greenbaum ordered Hi-Rise to make whole the Union, the employees and the pension fund, for amounts totaling $24,110. Ex. A, ¶ 3.

22. Arbitrator Greenbaum found that Hi-Rise has "violated the [CBA] by failing to cooperate with the Union in arranging an audit pursuant to the" CBA. Ex. A., ¶ 2.

23. Beginning after February 1, 2010, Hi-Rise failed to implement the Award by failing to make the payments described in ¶ 3(c) of the Award.

24. Hi-Rise has continued and is continuing to violate the award by failing to make the payments required by the Award.

## LABORERS' BENEFIT FUND ALLEGATIONS

25. On October 15, 2008, the Laborers' plaintiffs brought suit against Hi-Rise because Hi-Rise was delinquent in making contributions to the respective benefit funds. See McNally, etl al. v. Hi-Rise, Inc., Civil Action 08-11748-DPW. The allegations of the complaint in that matter are hereby incorporated by reference.

26. On or about September 18, 2009, the parties to the litigation described in ¶ 27 reached a settlement agreement ("the Laborers' Settlement Agreement"), a true and accurate copy of which is attached hereto as Exhibit B.

27. The Laborers' Settlement Agreement was signed by those with the authority to bind the parties to its terms.

28. The Laborers' Settlement Agreement required Hi-Rise to pay between September 14, 2009 and April 4, 2010, a total sum of $13,590.90, with all accrued interest as of April 4, 2010. Ex. B., ¶ 1.

29. Pursuant to ¶ 4 of the Laborers' Settlement Agreement, "[s]hould Hi-Rise breach the terms of this Settlement Agreement, all amounts due the Funds, including liquidated damages and attorneys' fees and costs, will come due immediately." Ex. B, ¶ 14.

30. As of the date of this complaint, Defendants have paid only $6,000 of the agreed-upon amount of $13,590.90, and have ceased making payments altogether.

31. Defendants are therefore in material breach of the Laborers' Settlement Agreement, and continue to remain in breach of the Laborers' Settlement Agreement.

## COUNT I – ENFORCEMENT OF ARBITRATION AWARD (SEIU LOCAL 615 AND SEIU PENSION FUND)

32. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-31 supra.

33. By the above-described conduct, Defendant Hi-Rise, Inc. has failed to implement the terms of the Stipulated Arbitration Award issued by Arbitrator Greenbaum.

34. Pursuant to § 301 of the LMRA, this Court should enforce the Stipulated Arbitration Award.

35. A failure to hold the Employer responsible for compliance with the Stipulated Arbitration Award, made pursuant to the parties' collective bargaining agreement,

will work a grave injustice to Plaintiffs, given the public and judicial policy that such arbitral awards are to be final and binding.

36. Therefore, Plaintiffs request that this Court grant the following relief on this count:

   a. Judgment confirming the Award of Arbitrator Greenbaum in its entirety;

   b. Judgment awarding damages in the full amount owed pursuant to ¶ 2 of the Award;

   c. Judgment awarding all owed interest in the full amount ordered by the Award;

   d. Judgment awarding Plaintiffs its costs and reasonable attorney's fees;

   e. Interest on all outstanding amounts owed; and

   f. Such other relief as this Court deems just and proper.

### COUNT II – ENFORCEMENT OF THE LABORERS' SETTLEMENT AGREEMENT

37. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-36 supra.

38. By the above-described conduct, Defendant Hi-Rise, Inc. has failed to abide by the terms of the Laborers' Settlement Agreement.

39. Pursuant to § 301 of the LMRA, this Court may enforce the Laborers' Settlement Agreement because it is a contract between a labor organization and an employer engaged in interstate commerce.

40. Therefore, Plaintiffs request that this Court grant the following relief in this count:

   a. Judgment enforcing the Laborers' Settlement Agreement in its entirety;

   b. Judgment awarding the Laborers' Plaintiffs a base total of $7,590.90;

   c. Judgment awarding Plaintiffs its costs and reasonable attorney's fees;

   d. Interest on all outstanding amounts owed; and

   e. Such other relief as this Court deems just and proper.

**COUNT III - VIOLATION OF ERISA – FAILURE TO IMPLEMENT SEIU ARBITRATION AWARD (SEIU PENSION FUND)**

41. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-40, supra.

42. The failure of Hi-Rise to implement those provisions of the SEIU Arbitration Award that relate to pension payments violates § 515 of ERISA, 29 U.S.C. § 1145.

43. ERISA mandates that Hi-Rise pay prejudgment interest on the unpaid pension amounts. ERISA also mandates that Hi-Rise pay the Plaintiffs' attorneys' fees and costs. See 29 U.S.C. § 1132(g)(2).

44. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

45. Therefore, Plaintiffs request that this Court grant the following relief on this count:

   a. Enter judgment in favor of Plaintiffs, with an award of damages in the amount of $5,035 to the SEIU Plaintiffs, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages in an amount set forth in the CBA or the total interest

owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

b. Such further and other relief as this Court deems appropriate.

## COUNT IV - VIOLATION OF ERISA – FAILURE TO IMPLEMENT LABORERS' SETTLEMENT AGREEMENT (LABORERS' PLAINTIFFS)

46. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-45, supra.

47. The failure of Hi-Rise to implement those provisions of the Laborers' Settlement Agreement violates § 515 of ERISA, 29 U.S.C. § 1145.

48. ERISA mandates that Hi-Rise pay prejudgment interest on the unpaid amounts of the Laborers' Settlement Agreement and liquidated damages. The Laborers' collective bargaining agreement to which Defendant is signatory provides for interest at the rate of 10% and liquidated damages at the rate of 20%. ERISA also mandates that Hi-Rise pay the Plaintiffs' attorneys' fees and costs. See 29 U.S.C. § 1132(g)(2).

49. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. §1132(h).

50. Therefore, Plaintiffs request that this Court grant the following relief on this count:

   a. Enter judgment in favor of Plaintiff Laborers Funds, with an award of delinquent contributions in the amount of $7,590.90, plus any additional amounts determined by the Court to be owed the Funds or which may

        become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

    b. Such further and other relief as this Court deems appropriate.

                Respectfully submitted,

                JILL HURST, ROCIO SAENZ, JAMES CANAVAN and THOMAS BOND, as they are TRUSTEES, MASSACHUSETTS SERVICE EMPLOYEES' PENSION FUND; and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 615,

                -and-

                BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, et al.

                By their attorneys,

                <u>/s/ James A.W. Shaw</u>
                Burton E. Rosenthal, Esq., BBO# 429220
                Anne R. Sills, Esq., BBO# 546576
                James A.W. Shaw, Esq., BBO# 670993
                SEGAL ROITMAN, LLP
                111 Devonshire Street, 5th Floor
                Boston, MA  02109
                (617) 742-0208
                jshaw@segalroitman.com

Dated:  June 14, 2010

VERIFICATIONS

    I, Anne Gray Fischer, of Service Employees International Union Local 615, declare as follows:

1. I have personal knowledge of myself and my activities, including those set out in ¶¶ 1-8 and 15-24 of the foregoing Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

2. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself and my activities are true and correct.

                                             /s/ Anne Gray Fischer          Date: June 9, 2010


I, Louis F. Malzone, of the Service Employees' Pension Fund, declare as follows:

1. I have personal knowledge of myself and my activities, including those set out in ¶¶ 1-8 and 15-24 of the foregoing Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

2. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself and my activities are true and correct.

                                             /s/ Louis F. Malzone          Date: June 14, 2010



I, Barry C. McAnarney, of the Massachusetts' Laborers Benefit Funds, declare as follows:

1. I have personal knowledge of myself and my activities, including those set out in ¶¶ 1-5, 9-15, and 25-31 of the foregoing Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

2. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself and my activities are true and correct.

<u>/s/ Barry C. McAnarney</u>     Date: June 4, 2010